# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 10, 2013 Session

## INEZ BRYSON v. TENNESSEE DEPARTMENT OF INTELLECTUAL AND DEVELOPMENTAL DISABILITIES

**Appeal from the Chancery Court for Davidson County**
**No. 111210II     Carol L. McCoy, Chancellor**

---

**No. M2012-02620-COA-R3-CV - Filed August 13, 2013**

---

Civil service employee appeals the trial court's judgment affirming the Civil Service Commission's decision to terminate the employee for the good of the service pursuant to Tenn. Code Ann. § 8-30-326.  Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., joined.  PATRICIA J. COTTRELL, P. J., M. S., not participating.

Phillip L. Davidson, Nashville, Tennessee, for the Appellant, Inez Bryson.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Melissa Brodhag, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

Inez Bryson, an eighteen year State employee at the time of her termination in May 2009, began working for the Department of Intellectual and Developmental Disabilities (the "Department") as a Mental Retardation Program Specialist 2 in February 2006.  In 2007, she was involved in an accident; she suffered injuries to her neck and back which caused her to

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

lose a substantial amount of time from work. Ms. Bryson exhausted all leave time available to her in October 2008, and was placed on special leave without pay; she returned to part-time work for a two week trial period in December 2008. At the end of the trial period she was unable to return to a full time schedule, as a consequence of which she was again placed on special leave. When she did not return to work full-time by May 2009, Ms. Bryson received a letter advising her that she was dismissed from her position for the "good of the service as outlined in T.C.A. § 8-30-326."[2]

Ms. Bryson appealed the decision to terminate her through the employment grievance procedure, and a hearing was held before an Administrative Law Judge ("ALJ"), who affirmed the termination of her employment.[3] Ms. Bryson appealed the ALJ's decision to the Civil Service Commission, which affirmed the decision.

Ms. Bryson filed a Verified Petition for Review in chancery court requesting a review of the Department's decision, reinstatement to her position of employment, and an award of costs and discretionary costs.[4] On November 1, 2012, the court entered an order upholding the Final Order of the Civil Service Commission and denying Appellant's petition.

Judicial review of decisions of commissions is governed by the narrow standard contained in Tenn. Code Ann. § 4-5-322(h) rather than the broad standard of review used in other civil appeals. *Wayne Cnty. v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279–80 (Tenn. Ct. App. 1988). A court may modify or reverse the decision of the commission if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;

---

[2] Tenn. Code Ann. § 8-30-326 was repealed by 2012 Pub. Acts, c. 800, § 41, effective October 1, 2012.

[3] The ALJ concluded that "separation or termination is the appropriate outcome, for the good of the service, given [the Department's] responsibilities . . . to vulnerable service recipients and the role Case Managers play, in particular."

[4] Ms. Bryson filed the chancery court proceeding prior to the Civil Service Commission rendering a decision. After the Commission ruled on her appeal of the ALJ's decision, Ms. Bryson amended the petition to reflect the fact that a final order had been entered in the administrative proceeding.

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

(B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h).  When we review the decision of the trial court, we are to determine whether the trial court properly applied the standard of review found at Tenn. Code Ann. § 4-5-322(h). *See Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002) (quoting *Papachristou v. Univ. of Tennessee,* 29, S.W.3d 487, 490 (Tenn. Ct. App. 2000)).

As noted in her brief, Ms. Bryson does not contest the factual findings of the ALJ; neither does she contest the holding that her termination was for the good of the service.  Her contention on appeal is that the ALJ and the trial court "simply ignored the requirements of both the Tennessee Human Rights Act (T.C.A. 4-21-101, et seq.) and the Tennessee Disability Act, formerly known as the Tennessee Handicapped Act (T.C.A. 8-50-103)" by not considering what she characterizes as the "linchpin statutory requirement" that the Department provide reasonable accommodations to Appellant.[5]  In our analysis of this contention, we are mindful of the fact that this is not a suit to recover for unlawful discrimination; rather, we are performing the limited review of the decision of the Civil Service Commission pursuant to Tenn. Code Ann. § 4-5-322(h).  In accordance with the applicable standard governing our review, we will consider whether the decision to terminate her was in violation of the Disability Act and thereby subject to reversal by application of Tenn. Code Ann. § 4-5-322(h)(1).[6]

---

[5] Ms. Bryson frames the issue on appeal as whether the ALJ's decision was arbitrary and capricious; her argument, however, focuses on whether the ALJ made a "error of law."  We will address the substance of her argument and evaluate whether the ALJ's decision was in violation of statutory provisions.

[6] Contrary to the implication in Ms. Bryson's argument, we do not read the provisions of the Tennessee Human Rights Act applicable to employment-related discrimination, located at § 4-21-401– 408, as creating a cause of action for discrimination in employment on the basis of disability or handicap.  Instead, the prohibition against discrimination in employment on the basis of physical, mental or visual disability is in the Tennessee Disability Act; this act incorporates the definition of disability in the Human Rights Act at Tenn. Code Ann. § 4-21-102(3). *See Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698 (Tenn. 2000).

The ALJ made the following findings, which Ms. Bryson does not contest:

25. As of the date of the December 10, 2010 hearing in this matter, [Ms. Bryson] candidly admitted that she was not yet physically able to return to work full-time, some two (2) years after the two (2) week part-time experiment in December 2008, despite two (2) years of additional healing.
* * *
29. An occasional stop, standing up during a meeting, or taking work home is one thing, but it is determined to be unclear how someone working only part-time could engage in all of those breaks and flexibility exercises, yet carry a full case load, completing necessary travel and assignments on time, while maintaining proper relationships with co-workers, service recipients, Circle of Support members, potential housing and/or service providers, etc., all while in excruciating pain, on an ongoing part-time basis. Further, [Ms. Bryson] did not call as a witness a Physician, a time management expert, or other professional to testify as to how such could be accomplished.
* * *
31. By [Ms. Bryson's] own description, a mere two (2) weeks of part-time work and travel resulted in [Ms. Bryson] experiencing excruciating pain.

The findings quoted above support the determination that Ms. Bryson was not able return to work full-time at the time of her termination. As noted by the court in *Bennett v. Nissan North America, Inc*:

Under the TDA, an employer will not be considered to have unlawfully discriminated against an individual with a disability if the individual's disability "to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved." Tenn. Code Ann. § 8–50–103(b).

*Bennett*, 315 S.W.3d 832 at 852 (Tenn. Ct. App. 2009). Because she could not perform the essential functions of the responsibilities of her position, there was no violation of the Disability Act, a necessary prerequisite to granting Ms. Bryson any relief.[7]

---

[7] In this regard we also note that we have previously declined to impose a reasonable accommodation requirement under the Disability Act. *See Anderson v. Ajax Turner Co.*, 01A01-9807-CH-00396, 1999 WL 976517 (Tenn. Ct. App. Oct. 28, 1999), wherein the court stated:

Unlike its federal counterpart, Tenn. Code Ann. § 8-50-103(a) is silent on the subject of an employer's duty to reasonably accommodate a disabled employee. In the face of this silence,

(continued...)

For the foregoing reasons, we affirm the judgment of the trial court.

_____

RICHARD H. DINKINS, JUDGE

---

[7](...continued)
our courts have declined to impose such a duty. Instead, they agree that "the portion of the THRA that prohibits discrimination on the basis or disability does not require employers to provide disabled workers with reasonable accommodations." Thus, Ajax had no legal duty to accommodate Mr. Anderson's condition under Tennessee law, and Mr. Anderson has no claim for failure to accommodate.